UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
VENITA SADLER,

               Plaintiff,

-vs-

148 ACADEMY REALTY, LLC,
CHANDRAKANT PATEL and STEVEN
FABIATOS, SONIA KREKUN,

               Defendants.
----------------------------------------------------X

08 CIV. 3338
JUDGE CONNER

COMPLAINT

JURY TRIAL DEMANDED

## INTRODUCTION

1. Plaintiff Venita Sadler brings this action to redress the housing discrimination she experienced at the hands of defendant, which evicted her from an apartment on account of her race and disability.

## PARTIES

2. Plaintiff is an African-American woman who resides in Poughkeepsie, New York, within this Judicial district.

3. Defendant 148 Academy Realty, LLC, is a corporation that maintains an apartment complex at that address in Poughkeepsie, New York.

4. Defendant Chandrakant Patel manages 148 Academy Realty, LLC.

5. At all times relevant to this case, defendant Steven Fabiatos resided at 148 Academy Street and maintained a business relationship with defendant Patel. He also maintained an ownership interest in 148 Academy Realty, LLC.

6. At all times relevant to this case, Sonjan Krekun was defendants' office manager.

**JURISDICTION & VENUE**

7. As plaintiff brings this action under the Fair Housing Act and 42 U.S.C. §§ 1981, 1982 and 1988, this Honorable Court has subject matter jurisdiction. Federal jurisdiction is further asserted under 28 U.S.C. §§ 1331 and 1343(3) & (4). As the State claims arise from the same nucleus of operative facts as the Federal claims, this Honorable Court has supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367.

8. As the events giving rise to this case arose in Dutchess County, within this Judicial district, this case is properly venued in Southern District of New York.

**FACTUAL AVERMENTS**

9. In April 2006, plaintiff signed a lease agreement to live at 148 Academy Street, Poughkeepsie, a four-unit apartment managed by defendant Chandrakant Patel. Until defendants terminated plaintiff's lease, she resided on the first floor which shared a common area accessible from the front door.

10. When plaintiff signed her lease, defendants knew that she suffered from Lupus, an incurable condition characterized by physical exhaustion, joint pain and weakness, headaches, swollen lymph glands, pericardites, and vasculitis. Defendants further knew that plaintiff suffers from Rheumatoid Arthritis, a physical disability characterized by bodily pain. These conditions affect plaintiffs' major life activities by preventing her from walking, climbing stairs, working and taking care of herself.

11. Plaintiff's disability required regular treatment from home health aides, who

came to her apartment to provide services ranging from assisted living to walking her dog.

12. A few weeks after plaintiff moved into her apartment, defendant Steven Fabiatos moved into the adjacent apartment on the first floor. On the basis of her race, Fabiatos immediately began complaining about plaintiff's tenancy, magnifying petty annoyances and prompting defendants to record his many complaints in a log book, most of which defendants entered after determining to evict plaintiff.

13. As Fabiatos had a business relationship with Patel and had an ownership interest in 148 Academy Realty, LLC, Patel accorded Fabiatos' complaints great weight in determining to evict plaintiff.

14. On several occasions during plaintiff's tenancy, defendants either threatened her eviction or moved forward in eviction proceedings. On December 7, 2006, defendants served plaintiff with a Notice to Vacate by December 11, 2006. The Notice stated that plaintiff was allowing unauthorized persons to live in her apartment, disturbing the peace and nailing her windows shut without permission. On December 19, 2006, defendant filed an eviction proceeding with Poughkeepsie Civil Court alleging that plaintiff was a holdover. Defendants ultimately determined to evict plaintiff by May 1, 2007. Plaintiff vacated the apartment on April 30, 2007.

15. In addition, defendant Krekun micro-managed plaintiff's tenancy on account of her race and set in motion the chain of events that resulted in plaintiff's eviction. When Krekun told plaintiff that the neighbors were complaining about her

3

tenancy, plaintiff offered to address their concerns. Krekun told plaintiff that it was "not necessary. We just want you out" and that her eviction was a "done deal."

16. Each of the reasons articulated by defendants in evicting plaintiff are either false, exaggerated or the product of defendants' discriminatory practices. By way of example:

   a. while defendant maintained that plaintiff was allowing her daughter to live in the apartment, that allegation was false. At no point did plaintiff's daughter reside at 148 Academy Street;

   b. contrary to defendants' claims, plaintiff neither made excessive noise in her apartment nor dumped her garbage in her neighbor's cans;

   c. while plaintiff propped open the common door with a rock, as the State Division of Human Rights determined in its investigation, there was no way for her to "buzz" someone into the building, and plaintiff is physically disabled and could not readily open the door. As the State Division of Human Rights further noted, rather than work with plaintiff in finding a solution to this problem, defendants instead moved to evict her from the apartment;

   d. while defendants objected when plaintiff issued duplicate keys to her apartment, that objection also shielded a discriminatory motive. Plaintiff needed to give these keys to her health aides who came to her apartment to treat her disabilities, and the lease did not prohibit plaintiff from

4

        duplicating keys. Moreover, the white tenants at 148 Academy Street were also distributing duplicate keys to family members and friends;

   e.   in addition, defendants claimed to evict plaintiff because she nailed her windows shut. However, as determined by the State Division of Human Rights, plaintiff lived on the first floor of the apartment complex and "it appears that a solution to both parties['] concerns have been arrived at but for the fact that [defendants] were more interested in evicting [plaintiff]."

17. Plaintiff was the only black tenant at 148 Academy Street. Frequent visitors to her apartment, including her daughter and the health aides, were also black. Their presence alienated other residents, including Fabiatos, who objected to plaintiff's tenancy on the basis of her race and caused management to evict her from the apartment and terminate her lease agreement for that reason.

18. As a result of plaintiff's eviction, she suffered physical and emotional pain and suffering.

**CAUSES OF ACTION**

19. Plaintiff incorporates the allegations in ¶¶ 1-18 as if fully restated herein.

20. By interfering with and terminating plaintiff's tenancy at 148 Academy Street on the basis of race, defendants violated the Fair Housing Act of 1968, 42 U.S.C. § 3604(b); 42 U.S.C. §§ 1981 and 1982; and the New York Human Rights Law.

21. By interfering with and terminating plaintiff's tenancy at 148 Academy Street on the basis of her disability, defendants violated the Fair Housing Act of 1968, 42 U.S.C. §§ 3604(f)(2) and 3617; and the New York Human Rights Law.

22. By refusing to modify the terms and conditions of plaintiff's tenancy and making reasonable accommodations for her disabilities, defendants violated the Fair Housing Act of 1968, 42 U.S.C. § 3604(f)(3); and the New York Human Rights Law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully asks this Honorable Court to:

a. assert jurisdiction over this case;

b. empanel a jury to hear and decide this case;

c. award to plaintiff compensatory damages for the above violations of State and Federal law;

d. award to plaintiff punitive damages for the above violations of Federal law;

e. award to plaintiff reasonable attorneys fees and costs expended in prosecuting these claims; and

f. order such other relief deemed just and proper.

Dated:    April 3, 2008

Respectfully submitted

S/ [signature]
STEPHEN BERGSTEIN
HELEN G. ULLRICH

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff