**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JACKSON LEWIS LLP
One North Broadway
White Plains, New York 10601
Telephone: (914) 328-0404
    Greg Riolo (GR 1634)
ATTORNEYS FOR DEFENDANT

---

VENITA SADLER,

               Plaintiff,

-against-

148 ACADEMY REALTY, LLC, CHANDRAKANT PATEL, STEVEN FABIATOS, et al,

               Defendant.

08 CIV 3338

**ANSWER**

---

Defendant, 148 Academy Realty, LLC (hereinafter "Defendant"), by and through its undersigned attorneys, respectfully submits the following Answer to Plaintiff's Complaint in connection with the above-captioned case.

### AS TO "INTRODUCTION"

1. Defendant denies each and every allegation set forth in Paragraph 1 of the Complaint.

### AS TO "PARTIES"

2. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant denies each and every allegation set forth in Paragraph 3 of the Complaint, except admits that 148 Academy Realty LLC manages an apartment building at 148 Academy Street, Poughkeepsie, New York.

4. Defendant denies each and every allegation set forth in Paragraph 4 of the Complaint.

5. Defendant denies each and every allegation set forth in Paragraph 5 of the Complaint, except admits that Steven Fabiatos resided at 148 Academy Street and has a partial ownership interest in 148 Academy Realty, LLC.

6. Defendant denies each and every allegation set forth in Paragraph 6 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

7. Defendant denies each and every allegation set forth in Paragraph 7 of the Complaint, except admits Plaintiff purports jurisdiction is proper.

8. Defendant denies each and every allegation set forth in Paragraph 8 of the Complaint, except admits Plaintiff purports venue is proper.

## AS TO "FACTUAL AVERMENTS"

9. Defendant denies each and every allegation set forth in Paragraph 9 of the Complaint, except admits Plaintiff signed a lease, her lease was terminated and she resided on the first floor.

10. Defendant denies each and every allegation set forth in Paragraph 10 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies each and every allegation set forth in Paragraph 12 of the Complaint.

13. Defendant denies each and every allegation set forth in Paragraph 13 of the Complaint.

14. Defendant denies each and every allegation set forth in Paragraph 14 of the Complaint, except admits proceedings were commenced to evict Plaintiff which resulted in a stipulation with Plaintiff to vacate the premises.

15. Defendant denies each and every allegation set forth in Paragraph 15 of the Complaint.

16. Defendant denies each and every allegation set forth in Paragraph 16 and sub-paragraphs 16a through 16e of the Complaint.

17. Defendant denies each and every allegation set forth in Paragraph 17 of the Complaint.

18. Defendant denies each and every allegation set forth in Paragraph 18 of the Complaint.

## AS TO "CAUSES OF ACTION"

19. Defendant repeats and realleges each and every allegation set forth in paragraphs 1 through 18 inclusive, with the same force and effect as if set forth at length herein in response to Paragraph 19 of the Complaint.

20. Defendant denies each and every allegation set forth in Paragraph 20 of the Complaint.

21. Defendant denies each and every allegation set forth in Paragraph 21 of the Complaint.

22. Defendant denies each and every allegation set forth in Paragraph 22 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. Plaintiff's Complaint should be dismissed because it fails to state a claim, in whole or in part, upon which relief should be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her administrative remedies.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which compensatory, punitive, or liquidated damages may be awarded.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26. Defendant' actions with respect to Plaintiff were in compliance with the Fair Housing Act of 1968, 42 U.S.C. §§ 1981-82 and the New York Human Rights Law and/or any other federal, state, or local laws, rules, regulations or guidelines.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27. Defendant acted in good faith and did not violate any rights secured to Plaintiff under the Fair Housing Act of 1968, 42 U.S.C. §§ 1981-82 and the New York Human Rights Law, or any other federal, state, or local laws, rules, regulations or guidelines.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28. Defendant' actions regarding Plaintiff were at all times based upon legitimate, non-discriminatory reasons unrelated to Plaintiff's race or disability or any other protected characteristic.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred under the doctrine of accord and satisfaction and/or release.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred under the doctrine of laches.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims against Defendant are barred, in whole or in part, because Plaintiff has failed to exhaust her administrative remedies and to satisfy certain conditions precedent and/or jurisdictional prerequisites to instituting suit against Defendant.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

32. Plaintiff has failed to make diligent and good faith efforts to mitigate her damages, if any, and as such, is not eligible to receive any monetary relief.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

34. Plaintiff's state law claims, if any, are barred, in whole or in part, by her election of remedies.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims against Defendant are barred, in whole or in part, because the Court lacks subject matter jurisdiction over Plaintiff's claims.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

36. Even if Plaintiff could prove that race or disability was a factor in any decision regarding Plaintiff, which it was not, Defendant would have made the same decision regardless of Plaintiff's race or disability.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

37. Plaintiff is not an individual with a handicap under the Fair Housing Act of 1968, 42 U.S.C. § 3601 et seq., (hereinafter "FHA").

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

38. Defendant never treated Plaintiff as an individual with a handicap under the FHA.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE.

39. Defendant never treated, perceived or regarded Plaintiff as an individual who was disabled.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

40. Defendant never acquiesced, condoned, aided, or abetted in any alleged unlawful conduct.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

41. Plaintiff's Complaint should be dismissed and her claims barred because Plaintiff executed a general release of all claims and received consideration for said release.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

42. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which attorneys fees may be awarded.

WHEREFORE, the Defendant requests this Court to:

1. Dismiss Plaintiff's Complaint and all claims for relief set forth therein;

2. Grant such other and further relief as this Court may find to be just and proper, including reimbursement for the attorneys' fees and costs incurred in defending this meritless and vexatious action.

JACKSON LEWIS LLP

One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404 (914) 328-1882 (facsimile)

By: _____
Greg Riolo

ATTORNEYS FOR DEFENDANT

Dated:   May 30, 2008
         White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VENITA SADLER,

               Plaintiff,

-against-

148 ACADEMY REALTY, LLC, CHANDRAKANT PATEL, STEVEN FABIATOS, et al,

               Defendant.

08 CIV 3338

**ANSWER**

## CERTIFICATE OF SERVICE

Greg Riolo, an attorney duly admitted to practice law in this State, hereby affirms, under penalty of perjury, that a true and correct copy of Defendant's Answer has been served via ECF and First Class mail, postage pre-paid, on May 30, 2008 on counsel for Plaintiff at the address listed below:

               Stephen Bergstein
               Bergstein & Ullrich, LLP
               15 Railroad Avenue
               Chester, NY 10918

               _____
               Greg Riolo