**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
Venita Sadler,                                            :

              Plaintiff,             :     **REPORT & RECOMMENDATION**

       - against -              :     **08 Civ. 3338 (KMK)(LMS)**

148 Academy Realty, LLC, et al.,                         :

          Defendants.             :
------------------------------------------------------------x

**TO: THE HONORABLE KENNETH M. KARAS**

      Plaintiff Venita Sadler commenced this action on April 3, 2008, against Defendants 148

Academy Realty, LLC, Chandrakant Patel, Stamatis Fabiatos (improperly named as Steven

Fabiatos), and Sonia Krekun, asserting claims for housing discrimination based on race and

disability in violation of the Fair Housing Act of 1968, 42 U.S.C. §§ 1981 and 1982, and the

New York Human Rights Law.  See Complaint, Docket # 1.  While Plaintiff served the

Complaint on 148 Academy Realty, LLC, see Docket # 2 (Affidavit of Service), she never

effected service on any of the individual Defendants.  Plaintiff now moves for leave to effect late

service on Defendants Fabiatos and Patel.  See Docket # 20.  For the reasons that follow, I

conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's motion

should be denied and the action should be dismissed without prejudice as against Defendants

Fabiatos and Patel.

<u>**DISCUSSION**</u>

      Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 120 days after the

complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss

the action without prejudice against that defendant or order that service be made within a

specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Thus, an extension of time to effect service "is always warranted upon a showing of 'good cause,' . . . [and] the district court's determinations on whether good cause is present (and, if so, how long an extension would be appropriate) are exercises of discretion."  Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007) (citations omitted).  "However, a party seeking a good cause extension bears a heavy burden of proof.  Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.  Therefore, an attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause."  Beauvoir v. United States Secret Serv., 234 F.R.D. 55, 56 (E.D.N.Y. 2006) (internal quotation marks, alterations, and citations omitted).  Misplaced reliance on a process server does not suffice to establish good cause for a failure to effect service.  Id. at 57.

Having commenced the litigation on April 3, 2008, Plaintiff had until August 1, 2008, to effect service upon Defendants.  However, Plaintiff did not raise the issue of effecting late service on Defendant Fabiatos until a court conference held on May 10, 2010.  At the Court's suggestion, she thereafter filed the instant motion, and included in her motion an application to effect late service on Defendant Patel as well.

In her motion papers, the only evidence that Plaintiff provides of her efforts to effect service is a bill from a process server dated July 3, 2008, charging for attempted service upon Steven Fabiatos and Sonja Krekun.  See Affirmation of Stephen Bergstein ("Bergstein Aff.") Ex. 1.  All it contains is the unsworn statement of the process server that he "put 25 hrs on this . . . trying to catch at [A]cademy address . . . nobody ever show [sic] up."  Id.  There is no evidence

2

of any attempts at service on Defendant Patel, or any other attempts at service on the other

individual Defendants subsequent to July 3, 2008.  Plaintiff provides no excuse for the failure to

make any further attempts at service, nor has she ever sought an extension of time to serve

Defendants Fabiatos and Patel prior to filing this motion.  Rather, Plaintiff claims the existence

of good cause based on no more than her counsel's "misplaced reliance" on the process server

and her assertion that since counsel for Defendant 148 Academy Realty has withdrawn and the

corporation "has had difficulty finding an attorney and cannot represent itself, there is renewed

urgency in serving individual defendants Patel and Fabiano [sic]."  Bergstein Aff. ¶ 8.  Simply

put, Plaintiff has not demonstrated good cause for her failure to effect service on Defendants

Fabiatos and Patel over two years after commencement of the litigation.

      Even in the absence of good cause, however, district courts still have discretion to grant

extensions of time to effect service.  Zapata, 502 F.3d at 196.  "In making this determination,

courts have considered (1) whether the applicable statute of limitations would bar the refiled

action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3)

whether the defendant had attempted to conceal the defect in service; and (4) whether the

defendant would be prejudiced by the granting of plaintiff's request for relief from the provision."

De La Rosa v. New York City 33 Precinct, No. 07 Civ. 7577, 2010 WL 1737108, at *7

(S.D.N.Y. Apr. 27, 2010) (internal quotation marks and citation omitted).  In this regard, Plaintiff

notes only that late service would not be "futile," since the four-year statute of limitations has not

yet run on her § 1981 claim against Defendants Fabiatos and Patel,[1] Bergstein Aff. ¶ 9; see also

---

[1]The Court notes that Plaintiff's Complaint also includes claims under the Fair Housing
Act of 1968, 42 U.S.C. § 1982, and the New York Human Rights Law, but she does not address
whether the statutes of limitations have run on those claims.

Reply Mem. of Law (Docket # 24) at 1-2 (citing 28 U.S.C. § 1658 and Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382-83 (2004)), and that late service is "more efficient" than dismissal without prejudice.  Bergstein Aff. ¶ 9.  However, the fact that Plaintiff's § 1981 claim would not be time-barred means that a dismissal without prejudice to the filing of a new action against Defendants Fabiatos and Patel would not impose a hardship upon Plaintiff.  Moreover, it would not be an abuse of discretion to dismiss without prejudice where, as here, Plaintiff has failed to "advance some colorable excuse for neglect" to effect service.  Zapata, 502 F.3d at 198.  There would be no duplication of proceedings, as the current proceeding against 148 Academy Realty, LLC, has been stayed by virtue of the defendant corporation's filing for bankruptcy.  See Docket # 25.

Finally, while Plaintiff has not moved for leave to effect late service on Defendant Krekun, Plaintiff's arguments and the Court's analysis would be the same in her case.  Therefore, for the same reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the action should be dismissed without prejudice as against Defendant Krekun as well.

## CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's motion for leave to effect late service on Defendants Fabiatos and Patel (Docket # 20) should be denied, and Plaintiff's action should be dismissed without prejudice as against Defendants Fabiatos, Patel, and Krekun.

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a

total of seventeen (17) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written

objections to this Report and Recommendation.  Such objections, if any, shall be filed with the

Clerk of the Court with extra copies delivered to the chambers of The Honorable Kenneth M.

Karas at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601,

and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later

appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas and

should not be made to the undersigned.

Dated: June 18, 2010
        White Plains, New York

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Kenneth M. Karas, U.S.D.J.

5