USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VENITA SADLER,

                    Plaintiff,

v.

148 ACADEMY REALTY, LLC, CHANDRAKANT PATEL, STAMATIS FABIATOS, and SONIA KREKUN,

                    Defendants.

Case No. 08-CV-3338 (KMK)(LMS)

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

KENNETH M. KARAS, District Judge:

    On April 3, 2008, Plaintiff Venita Sadler ("Plaintiff") filed this lawsuit against Defendants 148 Academy Realty, LLC, Chandrakant Patel, Stamatis Fabiatos, and Sonia Krekun (collectively, "Defendants"). Plaintiff alleges that Defendants discriminated against her based on race and disability in violation of the Fair Housing Act of 1968, 42 U.S.C. §§ 1981 and 1982, and the New York Human Rights Law. The Court referred this case to Magistrate Judge Lisa M. Smith, pursuant to 28 U.S.C. § 636(b). On June 18, 2010, Magistrate Judge Smith issued a Report and Recommendation (" R&R"), concluding that the Court should dismiss the Complaint as against the three individual Defendants.

    A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written,"

Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Fed. R. Civ. P. 5(b)(2)(c)-(f), *see* Fed. R. Civ. P. 6(d).

"[W]here a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal quotation marks omitted). In addition, a party's failure to object will waive that party's right to challenge the report and recommendation on appeal. *See Fed. Deposit Ins. Corp. V. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989))).

Here, Plaintiff has not filed objections to the R&R. Accordingly, the Court has reviewed the R&R under the clear error standard. In so doing, the Court finds no clear error in the R&R, and therefore adopts Magistrate Judge Smith's R&R in its entirety.

The Court finds that Magistrate Judge Smith correctly considered the factual circumstances in determining whether Plaintiff should be granted leave to effect late service on the individual defendants.[1] Fed. R. Civ. P. 4(m) states that if service is not effected within 120 days of the filing of the complaint, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In addition, though, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*; *see also Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007)

---

[1] As Magistrate Judge Smith notes, Plaintiff has not moved for leave to effect late service on Defendant Krekun. (R&R 4.) However, because Plaintiff's arguments and the Court's analysis would be the same in her case, Defendant Krekun shall be incorporated into the analysis and Plaintiff's action is dismissed without prejudice as to all three individual defendants.

2

(stating that an extension of time to effect service "is always warranted upon a showing of 'good cause,' . . . [and] the district court's determinations on whether good cause is present (and if so, how long an extension would be appropriate) are exercises of discretion"). "However, a party seeking a good cause extension bears a heavy burden of proof. Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control. Therefore, an attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006) (internal quotation marks, brackets, and citations omitted). Misplaced reliance on a process server does not suffice to establish good cause for a failure to effect service. *Id.* at 57.

The facts demonstrate that Plaintiff's conduct and excuses do not meet the burden of proof required to obtain a good cause extension. (R&R 2-3.) Additionally, although courts have discretion to grant extensions of time to effect service even in the absence of good cause, the recommendation to deny leave to effect late service on the individual defendants was well within any reasonable exercise of discretion. This is especially so because a dismissal of Plaintiff's § 1981 claim without prejudice to the filing of a new action against the individual defendants would not impose a hardship upon Plaintiff, because such a claim would not be time-barred. Additionally, it would not be an abuse of discretion to dismiss without prejudice where, as here, Plaintiff has failed to "advance some colorable excuse for neglect" to effect service, *Zapata*, 502 F.3d at 198, and there would be no duplication of proceedings because the action against 148 Academy Realty, LLC, has been stayed as a result of its bankruptcy filing. (R&R 4.)

3

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated June 18, 2010, is ADOPTED in its entirety. It is further

ORDERED that Plaintiff's motion for leave to effect late service on Defendants Fabiatos and Patel is DENIED. It is further

ORDERED that the Complaint is DISMISSED without prejudice as against Defendants Fabiatos, Patel, and Krekun. Plaintiff has 45 days to re-file and serve the Complaint on Defendants Fabiatos, Patel, and Krekun.

SO ORDERED.

Dated: October 8, 2010
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE